## NOAH SHEARER *versus* NOAH JEWETT.

By a written agreement the defendant was to carry on the plaintiff's farm, and was to nave for his labor one half of the produce; the plaintiff was to furnish him with al. seeds necessary to sow, and the defendant was to pay the plaintiff for one half of the seeds sown or return one half after harvest, at the defendant's option; and the plaintiff was to furnish the defendant with grain, until he could harvest the crops, and was to receive the same quantity at harvest, or the value in money. The plaintiff furnished a parcel of rye and a parcel of oats, a part of which was sown and the residue used by the defendant; also a quantity of hay; and the defendant raised a quantity of oats on the plaintiff's farm, and sold them. In indebitatus assumpsit brought while the special contract was in force, it was *held,* that the plaintiff could not recover for the rye and the first parcel of oats, because they were embraced by the special contract and the defendant had a right to pay for them in kind; but that he could recover for the hay, because it was not included in the special contract, and for half of the last parcel of oats, because by the sale the defendant had put it out of his power to deliver them in kind.

Where the parties had agreed that a default should be entered, subject to the opinion of ne Court, and that judgment should be rendered for the plaintiff for one of two sums, the Court nevertheless, on motion of the plaintiff, granted a new trial, holding such agreement to be subject to the order of the Court.

INDEBITATUS assumpsit for goods sold and delivered, to recover the amount of divers items contained in a bill of par ticulars. The action was brought in September, 1831.

At a trial in the Court of Common Pleas, in 1832, before *Strong* J., the defendant offered in evidence an agreement, not under seal, signed by the plaintiff and the defendant, dated April 11, 1831, by which the plaintiff leased to the defendant a farm. In the lease it was stipulated, among other things, that the defendant should carry on the farm, and that he should have for his labor one half of all the hay and produce and pasturing, except the rye then on the ground; that the plaintiff should furnish all the seeds necessary to sow, and that the defendant should pay him for one half of the seed sown, or return one half after harvest and interest, at the defendant's option; that the defendant might dispose of the one half above described; that the plaintiff should furnish the defendant one pair of oxen, &c., certain farming tools, &c.; that the defendant should have the privilege of sowing for another season, and should have the one half as thereinafter agreed; that the plaintiff should furnish the defendant with grain, potatoes and cider, so much as he might want until he could harvest the abovenamed crops, and should re-

ceive the same number of bushels at harvest that the defendant might have disposed of, or receive the money and interest of the same, on the appraisal at the delivery ; that the abovenamed corn and potatoes should be divided equally and put into the chamber.

The defendant contended, that the plaintiff was not entitled to recover in the present form of action, but the court ruled that he might recover for four of the items in the bill of particulars, namely, 6 bushels of rye, 32 bushels of oats, 2 tons of hay, and 9 bushels of oats. It was proved that the 6 bushels of rye and the 32 bushels of oats, were the property of the plaintiff, of the growth of 1830, and were received by the defendant in the spring of 1831, and that a part thereof was sown and the residue used by him. The 2 tons of hay were the property of the plaintiff, of the growth of 1830, and were received by the defendant in the spring of 1831 and used by him. The 9 bushels of oats were one half of 18 bushels raised on the farm by the defendant in 1831, which were sold by him and the money received before this action was brought. In the early part of September, 1831, the plaintiff exhibited to the defendant an account of these four items, and the defendant admitted that he had received the articles, except that he disputed the quantity of the charges of 32 bushels of oats and 2 tons of hay.

The defendant also contended, that the plaintiff was not entitled to recover, until he had proved that he had performed all things on his part to be performed, according to the contract ; but the court decided, that he was entitled to recover without such proof ; that all which it was necessary for him to prove, was, the sale and delivery of the four items ; and in respect to the 6 bushels of rye and the 32 bushels of oats, that the time of harvest for these kinds of grain was past, before the action was brought. The rye, the 32 bushels of oats, and the hay, were received by the defendant after he went into possession of the farm.

The jury found a verdict for the plaintiff ; and the defendant excepted to these decisions of the court.

*Ashmun*, for the defendant, insisted that the articles in controversy were delivered under the special agreement ; that this

20 *

Shearer
*v.*
Jewett.

agreement was still in force, unrescinded, and consequently the plaintiff could not resort to an implied promise. Lawes on Assumpsit, 22, 27, 28; *Felton* v. *Dickinson*, 10 Mass. R. 287; *Goodrich* v. *Lafflin*, 1 Pick. 57; *Baylies* v. *Fettyplace*, 7 Mass. R. 329; *Penny* v. *Porter*, 2 East, 2.

The contract includes many things executory on the part of the plaintiff, and these should have been set forth in the declaration, with an averment of performance. The defendant should have had an opportunity to show that the stock and tools, with which he was to carry on the farm, had not been furnished by the plaintiff. 1 Chit. Pl. (1st edit.) 309, 313; *Outwater* v. *Dodge*, 7 Cowen, 85.

Even if the plaintiff was not obliged to allege performance on his own part, he was bound to prove it, and the ruling that he might recover on the general counts by simply proving a sale and delivery, was incorrect.

The plaintiff was not entitled to recover, without proving a special demand, since the defendant was to pay in money or produce, at his option.

*Mills*, *contrà*, said that in regard to the articles in question, the special contract had been performed, and nothing remained to be done except to pay for them. *Felton* v. *Dickinson*, 10 Mass. R. 287; *Gibbs* v. *Bryant*, 1 Pick. 118; 2 Stark. Evid. (Metcalf's edit.) 95.

*Sept.* 28*th*,
1832.

*Per Curiam.* We are of opinion, that the decision of the Court of Common Pleas was correct in respect to the hay, it being the property of the plaintiff, of the growth of 1830, and not embraced by the written agreement.

It is clear that the plaintiff is entitled to recover for the 9 bushels of oats, though for a different reason. The defendant was to cultivate the farm and deliver over to the plaintiff half of the produce, after it was harvested. By the sale of these oats he had put it out of his power to deliver them to the plaintiff, and the money which was received for them belonged to the plaintiff.

The 32 bushels of oats and the 6 bushels of rye are expressly referred to in the written contract, and were delivered to the defendant under it, and the plaintiff agreed to receive payment for these articles, in kind or in money. The paymen.

was to be in a particular form, by virtue of the special contract, and for these two items the action will not lie ; and although they are trifling in amount, we are constrained to reverse the judgment of the court below, and to grant a new trial at the bar of this Court.

The cause was afterwards tried in this Court, before *Shaw* C. J., when it appeared in evidence, that the defendant entered upon the farm in April, 1831 ; that he received from an agent of the plaintiff, occupying another farm of the plaintiff, about 2 tons of hay, and about 33 bushels of oats, the property of the plaintiff, being the produce of the lastmentioned farm, of the preceding year ; and that the hay and oats were thus taken by the defendant by the authority of the plaintiff.

No demand having been made, and no notice having been given, and no division of the crops having taken place, before the commencement of the action, an opinion was expressed by the judge, that so far as these articles were delivered to the defendant in pursuance of the special contract, to be paid for in the special manner therein provided, this action for goods sold and delivered could not be maintained ; but for goods not so stipulated to be furnished and paid for, the law implied a promise from the sale and delivery, and the action would lie ; that it appearing that the contract had provided for the delivery both of grain and seeds, to be paid for after harvest, in kind, or at an appraised value, the oats would fall under the one or the other of these denominations, and for these the action could not be maintained ; but there being no stipulation for the delivery of hay, that stood upon the general ground of an implied contract to pay the value of the goods. Whereupon the defendant consented to be defaulted, subject to the opinion of the whole Court. It was agreed that damages for the hay should be assessed at $18, and if the plaintiff was entitled to recover for the oats, then the sum of $11·67 was to be added to the damages ; otherwise they were to stand at $18, and judgment was to be entered, in either event, for the plaintiff.

The plaintiff's counsel afterwards filed a motion for a new trial, on the ground that he had mistaken the former decision of the Court, and had therefore offered evidence respecting the 32 bushels of oats, and omitted to offer evidence in regard to

Shearer
v.
Jewett.

Sept. 28th,
1833.

the 9 bushels of oats, the value of which, about $3, added to the $18 damages for the hay, would entitle the plaintiff to full costs.

The case was submitted without argument; and the Court, considering that there was reason to believe that the plaintiff was entitled to recover for the 9 bushels of oats, were of opinion that a new trial ought to be granted, but upon the terms that the plaintiff should not recover costs for the last trial or the next.

*Ashmun* objected, that according to the agreement at the last trial, the default was to be taken off, only in case the decision of the judge should be determined by the whole Court to have been incorrect, and that it had not been so determined ; but on the part of the Court it was answered, that such agreements are subject to the order of the Court.